OPINION
{¶ 1} On May 13, 2005, the Stark County Grand Jury indicted appellant, Steven LoDico, on six counts of felonious assault with a firearm specification in violation of R.C. 2903.11 and R.C.2941.145, and one count of carrying a concealed weapon in violation of R.C. 2923.12. Said charges arose from an incident at the Diamond Royale, a gentleman's club, wherein appellant pulled out a firearm from his limousine, activated its laser sight and pointed it at several individuals.
 {¶ 2} A bench trial commenced on November 7, 2005. By decision and order filed November 15, 2005, the trial court found appellant not guilty of the six counts of felonious assault with a firearm specification, but guilty of six counts of the inferior offense of aggravated menacing and guilty of the carrying a concealed weapon count. By judgment of conviction filed December 16, 2005, the trial court sentenced appellant to an aggregate term of one hundred eighty days in jail.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE, AND THE EVIDENCE IS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION FOR CARRYING A CONCEALED WEAPON IN VIOLATION OF OHIO REV. CODE ANN. § 2923.12(A)(2) BECAUSE AFTER REVIEWING THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE PROSECUTION, NO RATIONAL TRIER OF FACT WOULD FIND THAT THE APPELLANT'S FIREARM WAS CONCEALED `READY AT HAND.'"
 II {¶ 5} "AGGRAVATED MENACING IS NEITHER A LESSER INCLUDED OFFENSE NOR AN INFERIOR OFFENSE OF FELONIOUS ASSAULT AND THE TRIAL COURT ERRED IN CONVICTING THE APPELLANT OF SIX COUNTS OF AGGRAVATED MENACING."
 I {¶ 6} Appellant claims the trial court erred in denying his Crim.R. 29 motion to acquit, and the evidence was insufficient to support the fact that appellant's firearm was concealed, "ready at hand." We disagree.
 {¶ 7} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
 {¶ 8} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 9} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v.Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 {¶ 10} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 11} Appellant's Crim.R. 29 motion attacked the sufficiency of the evidence as to the felony charge of carrying a concealed weapon. T. at 368-371. Defense counsel argued the proper charge should have been a misdemeanor charge of improper handling of an unloaded firearm in a motor vehicle. Id. Appellant now argues in this assignment that the firearm was not readily at hand because it was in a trash receptacle inside his vehicle, a limousine. The firearm in the trash receptacle "was not conveniently accessible and within the Appellant's immediate physical reach." Appellant Brief at 14.
 {¶ 12} Appellant was convicted of carrying a concealed weapon in violation of R.C. 2923.12(A) which states, "No person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance."
 {¶ 13} A bill of particulars filed on July 1, 2005 stated the following:
 {¶ 14} "That STEVEN LODICO late of said County on or about the 9th day of January in the year of our Lord two thousand five, at the County of Stark, aforesaid, did knowingly carry or have, concealed on his person or concealed ready at hand, a handgun other than a dangerous ordnance, to-wit: a firearm, the weapon involved being a firearm which was loaded or for which the said STEVEN LODICO had ammunition ready at hand, in violation of Section 2923.12(A)(2) of the Ohio Revised Code, contrary to the statute in such cause made and provided, and against the peace and dignity of the State of Ohio."
 {¶ 15} We note the bill of particulars does not state how the weapon was concealed and readily at hand or when the firearm was produced. Technically, there are three times when the firearm was concealed in the limousine. First, when appellant reached into the limousine in the back parking lot, pulled out the firearm and activated the laser sight (T. at 28, 118, 232, 324); second, when appellant exited the limousine with the firearm at the front of the building and then got back into the limousine with the firearm (T. at 60-61, 128-129, 329-331); and lastly, when a police officer searched the limousine immediately after appellant exited the vehicle and found the firearm in a trash receptacle under the back dash of the limousine. T. at 183.
 {¶ 16} On two of the occasions, the firearm was concealed behind the limousine's windows in a closed vehicle and was pulled out immediately by appellant, first by reaching in and then by bringing it out with him. State's Exhibit 7-1 proves the windows were darkened and items could not be visible from the outside. These incidents fit the definition of a concealed weapon.
 {¶ 17} Admittedly, the parties argued the finding of the firearm with the ammunition beside it in the trash receptacle was the basis for the carrying concealed weapon charge. The trial court's decision does not set forth which of the three possible scenarios it considered for the weapon's charge. T. at 409.
 {¶ 18} In order not to cause confusion, we will address the third scenario although we find the weapon's charge could have included the other two.
 {¶ 19} Appellant's main argument is that the firearm was not readily at hand because the trash receptacle in the back dash of the limousine was not easily accessible. The trash receptacle opening had a small plastic lid that was "three or four inches by three or four inches" and about twelve inches deep. T. at 176. The police officer opined the firearm was within reach of anyone sitting in the back seat. T. at 183. For the police officer to retrieve the firearm, he had to turn around and get on his knees and reach into the trash receptacle. Id.
 {¶ 20} The evidence clearly established appellant had the firearm and had the firearm with him in the limousine. It also established that someone, either appellant or the female occupant of the vehicle, placed the firearm in the trash receptacle as evidenced by the visual rocking of the limousine. T. at 189. Also presented as evidence were photographs of the limousine and the trash receptacle (State's Exhibits 7-2, 7-3 and 7-5).
 {¶ 21} Upon review, we find sufficient evidence that a concealed weapon was readily at hand in the limousine. The trial court did not err in denying appellant's Crim.R. 29 motion for acquittal.
 {¶ 22} Assignment of Error I is denied.
 II {¶ 23} Appellant claims the trial court erred in convicting him of aggravated menacing because it is neither a lesser included offense nor an inferior offense to felonious assault. We disagree.
 {¶ 24} Appellee concedes aggravating menacing is not a lesser included offense of felonious assault, but argues it is "an inferior offense," citing in support the case of State v.Guddy, Cuyahoga App. No. 80390, 2002-Ohio-3102, ¶ 15, wherein our brethren from the Eighth District found "aggravated menacing is an inferior degree offense of the indicted offense of felonious assault."
 {¶ 25} The elements of felonious assault are set forth in R.C. 2903.11(A) as follows:
 {¶ 26} "(A) No person shall knowingly:
 {¶ 27} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 28} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 29} Aggravated menacing is defined in R.C. 2903.21(A) as follows:
 {¶ 30} "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family."
 {¶ 31} The definition of an "an inferior offense" has been set forth by the Supreme Court of Ohio in State v. Deem (1988),40 Ohio St. 3d 205, paragraph two of the syllabus, as follows:
 {¶ 32} "An offense is an `inferior degree' of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements. (R.C. 2945.74 and Crim. R. 31[C], construed)."
 {¶ 33} The first question to be answered is whether the elements of aggravated menacing are identical to felonious assault. Both contain the mens rea of "knowingly" and both involve the "serious physical harm" factor. What sets the two statutory offenses apart is the apprehension perceived by the victim or victims and the motivation of the actor. In felonious assault, the actor intends to injure the victim, whereas in aggravated menacing, the actor's intent is to scare or threaten the victim. This distinction is merely an additional mitigating element. We concur with the trial court and our brethren from the Eighth District that aggravated menacing is an inferior offense to felonious assault.
 {¶ 34} Further, it is clear from the record the observation of the laser sight from the firearm led the victims to believe they were threatened and in danger of harm. T. at 32, 131, 242, 278, 335.
 {¶ 35} Upon review, we find the trial court did not err in convicting appellant of the inferior offense of aggravated menacing.
 {¶ 36} Assignment of Error II is denied.
 {¶ 37} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, P.J. Boggins, J. concur and Edwards, J. concurs in part and dissents in part.